

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jno. Q. McAdams
Commissioner
Department of Banking
Austin, Texas

Dear Mr. McAdams:

Opinion No. O-5705

Re: Construction of Article 2, Chapter V of the Texas Banking Code, 1943, with respect to "other real estate" owned by banks.

Your request for an opinion from this Department upon the above subject matter is as follows:

"* * *.

"Article 2, Chapter 5 of the 1943 Banking Code is very definite in its requirement that an annual 10% of the original book value of such real estate be written off until the figure is reduced to 25% of its original value.

"Many of our State banks have acquired real estate designated as other real estate on their records; such values are so designated to segregate them from ownership carried and known as domicile, expressed in banking parlance as banking house.

"We would like to know whether banks which have acquired real estate before the effective date of the 1943 Banking Code should follow the provisions of Article 514 R. S. or those of Article 2 Chapter 5 of the 1943 Banking Code.

"* * *."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

You are respectfully advised that banking institutions should follow Article 2, Chapter V, of the Texas Banking Code, 1943, rather than Article 514 of the Revised Civil Statutes of Texas in the matter of holding and disposing of real estate other than its banking house, regardless of the time of the acquisition of such "other real estate."

Article 514 of the Revised Civil Statutes is as follows:

"Banks and Bank and Trust Companies created under this Title shall own only such real estate as may be required for the transaction of their business, and such as they may acquire in the enforcement and collection of debts and liabilities due to them, which lands so acquired by any such corporation shall be alienated by it within five years after its acquisition; it shall not held such property for a longer period unless it shall procure a certificate from the Banking Commissioner that its interests will suffer materially by the forced sale thereof; in which event the time for the sale may be extended from year to year as the Commissioner shall direct in such certificate, not to exceed an additional five years, but in no event shall a Bank or Bank and Trust Company own such real estate for a period longer than ten years; provided that any and all sales of real estate to officers, directors or stockholders of such Bank and Bank and Trust Company shall be made only upon the consent of a majority of such stockholders." (As amended in 1943)

Article 2 of Chapter V of the Texas Banking Code, 1943, is as follows:

"No state bank shall acquire real estate, other than its domicile, except in satisfaction or partial satisfaction of indebtedness, or in the ordinary course of the collection of loans and other obligations owing the bank. No state bank shall assign an original book value to such real estate in excess of its reasonable value at the time of acquisition and such real estate shall be depreciated each year ten per

(10%) of such original book value until
charged down to twenty-five per cent (25%)
of its original book value; provided that
the Commissioner may permit a lesser per-
centage to be depreciated during any year."

Article 514 of the Revised Civil Statutes above
quoted was a part of Chapter 8 of Title 16 of the Revised
Civil Statutes. Article 11 of Chapter IX of the State
Banking Code adopted by the 48th Legislature expressly re-
peals Title 16 of the Revised Civil Statutes of Texas,
along with numerous other statutes and acts affecting
banking, thereby making the Code complete within itself,
and the exclusive statute with respect to banking insti-
tutions, the express provision of Article 1, Chapter I,
declaring, "This Code provides a complete system of laws
governing the organization, operation, supervision and
liquidation of state banks."

So that, there is no statutory law in Texas upon
such subject other than Article 2, Chapter V, of the State
Banking Code, as above quoted.

No principle of vested rights is involved in
your question, since banking institutions acquired no fix-
ed or vested right, nor could they do so under the old
statute, (Article 514) because that Article pertained to
a regulation by the State, and, like statutory remedies
to one, may be changed at the will of the State. Indeed,
the statute did not confer a right on the bank at all,
but on the contrary, it was a regulation operating as a
burden on the banks.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-hR



APPROVED
OPINION
COMMITTEE
BY _____ CHAIRMAN

